# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RICKEY B. MARKS,**

                       **Petitioner,**

      v.                              **CASE NO. 22-3180-JWL-JPO**

**BUTLER COUNTY DISTRICT COURT,**

                       **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

      Petitioner Rickey B. Marks, a Kansas state prisoner who is proceeding pro se, has filed with this Court a document titled "Mandamus." (Doc. 1.) Because Petitioner proceeds pro se, the Court liberally construes his pleadings and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court provisionally grants leave to proceed without prepayment of fees but reminds Petitioner that he is required to either pay the statutory filing fee of $402.00[1] or file a motion to proceed without prepayment of fees. The Court will direct the clerk to provide Petitioner with forms and instructions for filing a motion to proceed without prepayment of fees.

      Petitioner asserts that in January 2022, he filed a motion in the District Court of Butler County, Kansas seeking relief under K.S.A. 60-1501. (Doc. 1, p. 1-2.) It appears that matter stems from medical care and treatment Petitioner received or did not receive while incarcerated at El Dorado Correctional Facility. (Doc. 1-1, p. 1-4.) Petitioner asks this Court to compel the Butler

---

[1] The fee to file a non-habeas civil action, including a petition for writ of mandamus, includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

County District Court to take action on the K.S.A. 60-1501 motion. (Doc. 1, p. 1-2.) Liberally construing the document, the Court will treat it as a petition for writ of mandamus, a pleading that seeks to compel a governmental employee or officer to perform a duty owed to the petitioner. *See* 28 U.S.C. § 1361.

Because Plaintiff is a prisoner, the Court is required by statute to screen the petition for writ of mandamus and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a), (b), and (e)(2)(B). *See also Jenkins v. Trammell*, 2015 WL 10529346, *1 (W. D. Okla. Oct. 29, 2015) (applying § 1915A screening standards to petition for writ of mandamus); *cf. Green v. Nottingham*, 90 F.3d 415, 417-18 (10th Cir. 1996) ("[P]etitions for writ of mandamus are included within the meaning of the term 'civil action' as used in § 1915."). When screening, the Court again liberally construes Petitioner's pleadings. *See Erickson*, 551 U.S. at 94. Even liberally construing the pleading, however, the Court concludes that it is subject to dismissal for failure to state a claim on which relief may be granted.

Petitioner asserts that this Court has jurisdiction to grant his request for a writ of mandamus under 28 U.S.C. § 1361. (Doc. 1, p. 1.) That statute grants federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." (Doc. 1, p. 6.) But Petitioner does not seek an order compelling a *federal* officer or employee to perform a duty; he seeks an order compelling a state district court to perform its duty. It is well-established that "[n]o relief against state officials or state agencies is afforded by § 1361." *Amisub (PSL), Inc. v. Colo. Dept. of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir. 1989). In other words, "[f]ederal courts have no power to issue writs of mandamus to state officers." *Jackson v. Standifird*, 463 Fed. Appx. 736, 738 n. 1 (10th Cir. 2012) (unpublished) (citing § 1361 and *Amisub (PSL), Inc.*).

Even more specifically, the Tenth Circuit has held that federal courts "'have no authority to issue such a writ [of mandamus] to direct state courts or their judicial officers in the performance of their duties.'" *Knox v. Bland*, 632 F.3d 1290 (10th Cir. 2011) (quoting *VanSickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (internal quotation marks omitted)). Thus, the Court cannot grant Petitioner's request for a writ of mandamus and Petitioner is directed to show cause why this matter should not be dismissed for failure to state a claim on which relief can be granted. The failure to file a timely response to this order will result in the dismissal of this matter without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including September 26, 2022, in which to show cause why this matter should not be dismissed for failure to state a claim on which relief can be granted. The clerk is directed to provide Petitioner with forms and instructions for filing a motion to proceed without prepayment of fees.

**IT IS SO ORDERED.**

DATED:   This 25th day of August, 2022, at Kansas City, Kansas.

<u>S/ James P. O'Hara</u>

JAMES P. O'HARA
United States Magistrate Judge