IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICKEY B. MARKS,**

                                **Petitioner,**

          **v.**                                                          **CASE NO. 22-3180-JWL-JPO**

**BUTLER COUNTY DISTRICT COURT,**

                                **Respondent.**

## MEMORANDUM AND ORDER

On August 24, 2022, Petitioner Rickey B. Marks, a Kansas state prisoner who is proceeding pro se, filed with this Court a document titled "Mandamus." (Doc. 1.) The following day, the Court entered a notice and order to show cause (NOSC) provisionally granting leave to proceed without prepayment of fees but reminding Petitioner that he is required to either pay the statutory filing fee of $402.00[1] or file a motion to proceed without prepayment of fees. As of the date of this memorandum and order, Petitioner has neither paid the fee nor filed a motion seeking leave to proceed without doing so.

In his initial filing, Petitioner asked this Court to compel the District Court of Butler County, Kansas to take action on a motion Petitioner had filed in that court. (Doc. 1, p. 1-2.) Because Petitioner proceeds pro se, the Court liberally construed the filing as a petition for writ of mandamus, which is a pleading that seeks to compel a governmental employee or officer to perform a duty owed to the petitioner. *See* 28 U.S.C. § 1361. The NOSC explained that even liberally construing the

---

[1] The fee to file a non-habeas civil action, including a petition for writ of mandamus, includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

1

pleading, however, it is subject to dismissal for failure to state a claim on which relief may be granted. (Doc. 2, p. 2.) The Tenth Circuit has held that federal courts "'have no authority to issue such a writ [of mandamus] to direct state courts or their judicial officers in the performance of their duties.'" *Knox v. Bland*, 632 F.3d 1290 (10th Cir. 2011) (quoting *VanSickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (internal quotation marks omitted)). Thus, the NOSC directed Petitioner to show cause on or before September 26, 2022 why this matter should not be dismissed for failure to state a claim on which relief can be granted. (Doc. 2, p. 3.) It cautioned Petitioner that "[t]he failure to file a timely response to this order will result in the dismissal of this matter without further prior notice to Petitioner." *Id.*

The deadline for a response to the NOSC has now passed and Petitioner has filed nothing further with this Court. Accordingly, this matter is dismissed for failure to state a claim on which relief can be granted.

**IT IS THEREFORE ORDERED** that this matter is dismissed for failure to state a claim on which relief can be granted.

**IT IS SO ORDERED.**

DATED:   This 29th day of September, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge